The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Young-Ah Everson

## DEFENDANTS
Hartford Life and Accident Insurance Company; Group Life and Supplemental Life Plan for Employees of Swissport North America, Inc. & Swissport North America, Inc.

**(b)** County of Residence of First Listed Plaintiff: El Dorado
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant: Connecticut
(IN U S PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Alan E. Kassan
Kantor & Kantor, LLP
19839 Nordhoff St.
Northridge, CA 91324
818-886-2525

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U S Government Plaintiff
- [ ] 2 U S Government Defendant
- [X] 3 Federal Question (U S Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury - Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 640 R R & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | LABOR | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 720 Labor/Mgmt Relations | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer w/Disabilities - Employment / [ ] 540 Mandamus & Other | [X] 791 Empl Ret Inc Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer w/Disabilities - Other / [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)

29 U.S.C Section 1132 Failure to Pay Plan Benefits

Brief description of cause

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23
DEMAND $
[ ] CHECK YES only if demanded in complaint
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: June 19, 2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

NDC-JS44

**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Young-Ah Everson

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

Hartford Life and Accident Insurance Company; Group Life and Supplemental Life Plan for Employees of Swissport North America, Inc. & Swissport North America, Inc.

CV 08 3037 JL

TO: (Name and address of defendant)
Hartford Life & Accident Insurance Company

Group Life and Supplemental Life Plan for Employees of Swissport North America, Inc.

Swissport North America, Inc.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Alan E. Kassan
Peter S. Sessions
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Tel#: (818) 886-2525
Fax#: (818) 350-6272

an answer to the complaint which is herewith served upon you, within   20   days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

JUN 2 0 2008

Richard W. Wieking                         DATE _____
CLERK

_____
(BY) DEPUTY CLERK

MARY ANN BUCKLEY

NDCAO440

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| Name of SERVER | TITLE |
| | |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:


☐ Other *(specify):*


### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 0.00 | 0.00 | 0.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on  _____        _____
                         Date                                              Signature of Server


                                                                      _____
                                                                      Address of Server

---

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

```
Alan E. Kassan, Esq. Bar No. 113864
E-Mail: akassan@kantorlaw.net
Peter S. Sessions, Esq Bar No. 193301
E-Mail: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone #: (818) 886-2525
Facsimile #: (818) 350-6272

Attorneys for Plaintiff,
Young-Ah Everson
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - San Francisco

| Young-Ah Everson,<br><br>    Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; GROUP LIFE AND SUPPLEMENTAL LIFE PLAN FOR EMPLOYEES OF SWISSPORT NORTH AMERICA, INC.; and SWISSPORT NORTH AMERICA, INC.,<br><br>    Defendants. | CASE NO:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>BREACH OF EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; PREJUDGEMENT AND POSTJUDGEMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |
|---|---|

    Plaintiff Young-Ah Everson, herein sets forth the allegations of her Complaint against Defendants, Insurance Company, The Hartford, the Group Life and Supplemental Life Plan for Employees of Swissport North America, Inc., and Swissport North America Inc.

### PRELIMINARY ALLEGATIONS

    1.    "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by plaintiff for employee benefits under employee

1  benefit plans regulated and governed under ERISA. Jurisdiction is predicated under
2  these code sections as well as 28 U.S.C. § 1331 as this action involves a federal
3  question. This action is brought for the purpose of obtaining benefits under the terms
4  of an employee benefit plan, and to clarify and enforce plaintiff's past, present and
5  future rights to benefits under the employee benefit plan named as defendant.
6  Plaintiff seeks relief, including but not limited to: restitution, prejudgement and
7  postjudgement interest, and attorneys' fees and costs.

8      2.   Plaintiff is informed and believes that defendant Swissport North
9  America, Inc. (hereinafter "Swissport") is a business entity located and doing
10 business in San Francisco County, California and is the named Plan Administrator for
11 the Plan. Plaintiff is further informed and believes that Swissport was responsible for
12 enrollment, and other administration of the Group Life and Supplemental Life Plan
13 for Employees of Swissport North America, Inc. (hereinafter "Life Plan").

14     3.   Plaintiff is informed and believes that defendant, The Hartford Insurance
15 Company (hereinafter "Hartford), is a corporation with its principal place of business
16 in the State of Connecticut, authorized to transact and transacting business in the
17 Northern District of California and can be found in the Northern District of
18 California. Hartford is the insurer of benefits under the Life Plan.

19     4.   Plaintiff is informed and believes that the Life Plan is an employee
20 welfare benefit plan regulated by ERISA, established by Swissport under which
21 plaintiff's husband Gary Everson was a participant, and pursuant to which plaintiff
22 is entitled to supplemental life insurance proceeds as the named primary beneficiary
23 of her husband's Life Plan benefits. The Life Plan is doing business in the Northern
24 District of California, in that it covers employees residing in this judicial district.

25     5.   Defendants can be found in this judicial district and the Life Plan is
26 administered in this judicial district. The Life Plan was also specifically
27 administered in this district. Thus, venue is proper in this judicial district pursuant

1 | to 29 U.S.C. § 1132(e)(2).

# FIRST CAUSE OF ACTION
# FOR ERISA BENEFITS, PREJUDGEMENT AND POSTJUDGEMENT INTEREST, ATTORNEYS' FEES AND COSTS
# (29 U.S.C. § 1132(a))

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, plaintiff's husband, Gary Everson was employed by Swissport. As a benefit of his employment, Gary Everson was provided Group Life Insurance through the Life Plan, and was afforded the right to purchase supplemental group life insurance coverage. At all times, the plaintiff was the beneficiary of said life insurance coverage and supplemental life insurance coverage on the life of her husband, Gary Everson.

8. The plaintiff is informed that Swissport purchased from Hartford a policy of Group Life Insurance to provide group life benefits for employees of Swissport, bearing policy number GL-675356

9. On or about October 18, 2005, Gary Everson applied for supplemental life insurance coverage in the amount of two times (2x) his basic annual earning of forty five thousand seven hundred and sixty dollars ($45,760), or ninety-one thousand five hundred and twenty dollars ($91,520) on his life, naming plaintiff as his primary beneficiary. Gary Everson accurately completed all documents given to him by Swissport for the purpose of acquiring said supplemental life insurance and those that were represented to be required under the terms of the Life Plan. Thereafter, Swissport deducted a monthly amount from Gary Everson's paychecks to pay the cost of the premiums for such supplemental life insurance coverage for approximately two years, until his death on July 26, 2007.

1      10.    Plaintiff is further informed and believes that said premiums were transmitted by Swissport each month, to Hartford together with a monthly listing of all employees entitled to life insurance benefits under the Plan. Plaintiff is further informed and believes that said list specified all employees who had elected supplemental life insurance coverage, and the amount of such coverage. Plaintiff is further informed and believes that said list stated that Gary Everson had elected supplemental life insurance coverage. Plaintiff is further informed and believes that Hartford accepted said premiums from Gary Everson and Swissport.

    11.    On July 26, 2007, Gary Everson died. Subsequent to the death of Gary Everson, the plaintiff submitted a claim for death benefits to Hartford. Hartford paid the basic life benefit of $45,760, but refused to pay the remaining $91,520 in supplemental life insurance benefits on the grounds that Hartford had not received an Evidence of Good Health statement concerning Gary Everson, and that an Evidence of Good Health form was allegedly required as a condition for coverage under the Plan.

    12.    Plaintiff is informed and believes that defendants failed to provide the necessary forms for participants of the Life Plan to submit evidence of good health prior to the death of Gary Everson. Plaintiff is further informed and believes that Swissport, as the Plan Administrator, knew or should have known that it was Hartford's position that completion of such forms was required as a prerequisite to coverage for supplemental life coverage. Defendants were under a duty to provide all necessary information and forms to Gary Everson as a participant and insured under the Life Plan to perfect his right to benefits. Moreover, pursuant to the terms of the Life Plan, defendants were obligated to notify Gary Everson in the event of any disapproval of supplemental life insurance coverage, yet no such disapproval was ever communicated.

    13.    As a result of the aforesaid conduct of Hartford and the Life Plan, it was

reasonable to expect that Gary Everson was an enrolled participant in the supplemental life insurance coverage under the Life Plan and that plaintiff, as the named beneficiary of said supplemental life coverage, would be entitled to the supplemental life insurance benefits upon Gary Everson's demise. Plaintiff reasonably relied upon the aforesaid conduct of defendants, and each of them and as a result thereof, reasonably expected that Gary Everson had completed all paperwork necessary to effect coverage.

14. Any requirement that evidence of good health by completion of an Evidence of Good Health statement was a condition of coverage has been waived by defendants and each of them, by their failure to provide the forms necessary to satisfy said condition to employee Gary Everson and/or their failure to notify their employee, Gary Everson that the alleged condition of coverage had not been satisfied in a timely manner.

15. Defendants and each of them are estopped from asserting that evidence of good health and or completion of an Evidence of Good Health statement were necessary conditions of coverage in that the terms of the Life Plan were ambiguous in this regard, and further due to the failure of defendants to communicate the full terms of the Life Plan to employee, or provide the appropriate enrollment forms to Gary Everson and plaintiff in a timely manner. Plaintiff and her husband Gary Everson reasonably relied upon the conduct of defendants, and each of them, in providing enrollment forms and the subsequent deduction and acceptance of premiums for coverage, and as a result, thereof, did not take any further action to perfect coverage under the Life Plan.

16. Based thereon, at all times, Gary Everson and plaintiff performed all obligations on their part to be performed pursuant to the terms of the Life Plan.

17. As a result of the wrongful denial of benefits due plaintiff, she has been damaged in the amount of the group supplemental life insurance proceeds pursuant

1  to Gary Everson's participation in the Life Plan in a sum to be proven at trial.

2      18.    As a further direct and proximate result of this improper determination
3  regarding plaintiff's supplemental life insurance claim, plaintiff in pursuing this
4  action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. §
5  1132(g)(1), plaintiff is entitled to have such fees and costs paid by defendant(s).

6      19.    Following the denial of benefits under the Life Plan, plaintiff exhausted
7  all administrative remedies required under ERISA, and Plaintiff has performed all
8  duties and obligations on plaintiff's part to be performed under the Life Plan.

**REQUEST FOR RELIEF**

WHEREFORE, plaintiff prays for relief against defendants as follows:

1. Payment of supplemental life insurance proceeds due plaintiff;
2. Enforcement of plaintiff's rights under the terms of the Life Plan;
3. Clarification of plaintiff's rights to supplemental life insurance proceeds;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney fees incurred in pursuing this action;
5. For payment of prejudgment and postjudgment interest as allowed for under ERISA;
6. For such other and further relief as this Court deems just and proper.

DATED: June 19, 2008

KANTOR & KANTOR, LLP

By: /s/ Alan E. Kassan
Alan E. Kassan
Attorneys for Plaintiff,
Young-Ah Everson

- 6 -